JACOB LAUX v. GLASS, MOFFITT, ARMSTRONG & Co.

(No. 1985, Op. Book No. 2, p. 472.)

APPEAL from Bexar County. Opinion by QUINAN, J.

§ **1180.** *Parol evidence not admissible to vary, etc., written contract.* The rules of law which prohibit the introduction of parol testimony to alter, vary, modify or contradict written agreements are eminently rules of good sense. Despositive documents are deliberately prepared; they are couched in words which are selected for the purpose, because they have a settled legal and business meaning. Such documents are meant to bind the party uttering them in both his statement of facts and his engagements of future action, not in any occult sense

requiring explanation· or correction, but according to the legal and business meaning of the terms. It stands to reason, therefore, that parol evidence is not, as a rule, to be received to vary the terms of the document as prepared and so accepted. [Whart. Ev. § 920.] Hence comes the conclusion that new ingredients cannot be added by parol to such documents. They are regarded as expressing the final views and conclusions of the parties in reference to the subject of them. To permit evidence of prior or even of contemporaneous parol conditions to qualify the written document would be to not only substitute *media* peculiarly fallible, recollection of witnesses as to words, for a medium whose accuracy the parties affirm, but often to substitute an abandoned for an adopted contract. Hence all prior conferences are regarded, unless there be fraud, as merged in such case in the final document. [Whart. Ev. 1014.]

§ **1181.** *Sale of personal property; when complete.* The trial court charged, "if personal property be sold twice by a party, the purchaser to whom the possession of the property is given, if he knows nothing of the other purchase, takes the title to the property." *Held* to be an erroneous charge. At common law, if the seller makes a proposition and the buyer accepts, and the goods are in the immediate· control and possession of the seller, and nothing remains to. be done to identify them, or in any way prepare them for delivery, the sale is complete, and the property in the goods passes at once and perfectly. The buyer acquires not a mere *jus ad rem,* but an absolute *jus in re.* [2 Pars. on Con. 324; Cleveland v: Williams, 29 Tex. 208.].

§ **1182.** *Landlord's lien; rights under.* The court charged, "the landlord, having a lien, could retain the property of the tenant in his possession till the rent is paid," etc. *Held* error. The landlord has no right of his mere motion to enter and take, or retain in his possession, the property of his debtor tenant. The law gives him a "lien," but the word is obviously not used in the

sense of a pledge, with delivery of possession. It is simply a right given to make subject to the payment of his debt the property of his tenant, and this he must do by the means the law provides. If he fears the removal of the property, he may take out his distress warrant, but without that, by the judgment of the proper court, he may have the property taken and sold by the proper officer in satisfaction of the rent.

November 2, 1881.         Reversed and remanded.